UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACK CONLEE AND DARIEN CONLEE | CIVIL ACTION |
| VERSUS | NO. 07-660 |
| FIREMAN'S FUND INSURANCE COMPANY | SECTION "J" (3) |

### ORDER AND REASONS

Before the Court is Plaintiffs' **Motion for Partial Summary Judgment Against Fireman's Fund Insurance Company (Rec. Doc. 7)**. This motion was opposed, and the Court held oral argument on July 11, 2007.  At the conclusion of the hearing, the Court briefly stated reasons as to why this motion should be denied in part and granted in part.  The Court now issues the following more detailed, written reasons for its decision.

### Factual and Procedural History

Plaintiffs sued Defendant, their homeowners' insurer, claiming that they submitted a claim under their homeowners policy for covered losses sustained as a result of Hurricane Katrina.  Plaintiffs contend that Defendant failed to make any payment until January 5, 2007, in violation of Louisiana Revised

Statute 22:658, as amended on August 15, 2006[1], which requires that insurers pay within thirty days after receipt of written proofs of claim and demand therefor. In Paragraph XXV of their Complaint, Plaintiffs allege as follows:

> Pursuant to La. R.S. 22:658, Defendant is obligated to pay Plaintiffs proper coverage for all losses suffered under the policy, plus a penalty of fifty percent of the amount due and attorney's fees in accordance with La. R.S. 22:658 as amended by Louisiana Act no. 813, effective August 15, 2006. Alternatively, should La. R.S. 22:658 as amended by Louisiana Act No. 813, effective August 15, 2006, not apply to any portion of Jack and Darien Conlee's claim, they seek penalties, costs, and attorney's fees under all relevant and applicable Louisiana laws and provisions.

(Rec. Doc. 1-2).  Defendant denied Plaintiffs' allegations concerning La. R.S. 22:658. (Rec. Doc. 4, ¶ XXV).  Now, Plaintiffs have moved for partial summary judgment on the sole issue of whether the amendment to La. R.S. 22:658, which was effective on August 15, 2006, applies retroactively.

## Discussion

**Legal Standard:**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to

---

[1] Under the amendment, an insurer who fails to pay a claim within 30 days after receipt of satisfactory written proofs of loss, when such failure is found to be arbitrary, capricious or without probable cause, is subject to a penalty of 50 percent, as well as attorneys' fees. Under prior law, such an insurer would only be liable for a penalty of 25 percent.

judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 588 (1986).

**<u>Retroactive Application of amendment to La. R.S. 22:658:</u>**

The Court finds that the amendment to La. R.S. 22:658, which took effect on August 15, 2006, does not apply retroactively.

Louisiana Civil Code art. 6 provides:

> In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.

Thus, La. C.C. art 6 sets forth a two-part inquiry.  First, it must be determined whether the legislature expressed its intent regarding retroactive and prospective application. If the legislature did so, no more inquiry is necessary. If the legislature did not do so, a second inquiry must be made. The enactment must be classified as substantive, procedural or interpretive.  Both parties agree that La. R.S. 22:658 does not expressly state it should be applied retroactively.

As Defendant notes, Plaintiffs rely primarily on dicta in a

3

footnote in the 1952 Supreme Court decision of <u>Wright v. National Surety Corp.</u> 59 So.2d 695, 698, n. 2, (La. 1952), to support their assertion that La. R.S. 22:658 is remedial. 221 So. 2d 695. Plaintiffs' analysis seems to stop here and Plaintiffs argue that because La. R.S. 22:658 is remedial, it should be applied retroactively. However, as Defendant points out, La. C. C. art 6 was enacted *after* the <u>Wright</u> opinion was handed down. Comment (d) to La. C.C. art 6 sheds some light on this issue and indicates that the analysis should not stop at deeming the statute remedial because remedial laws may be procedural, substantive, or interpretative. This comment specifically provides:

> A remedial law may be procedural, interpretative, or substantive. A procedural law is remedial in the sense of dealing with the remedy rather than with the right itself. An interpretive law is remedial in the sense of remedying an error or ambiguity in the prior law. In both situations the new law may, in principle, apply retroactively even in the absence of express language to that effect. However, a substantive law may also be, and often is, called remedial when it remedies an existing social problem resulting from a gap, silence or deficiency of the prior law. In such a situation, the new law should not be applied retroactively, absent a contrary and constitutionally permissible legislative directive.

Comment (d) indicates that a substantive law may be called "remedial" when "it remedies an existing social problem resulting from a gap, silence or deficiency of the prior law." The comment

4

specifically states that in that situation, "the new law should not be applied retroactively, absent a contrary and constitutionally permissible legislative directive." La. C. C. art 6 comment (d).  The amended version of La. R.S. 22:658 does appear to remedy an existing social problem resulting from a deficiency in the prior law.  Senator Murray's comments in the minutes from the May 31, 2006 House Committee on Insurance for the bill to increase the penalties in La. R.S. 22:658 indicate that he had several constituents complaining about their insurance company's not paying their claims and felt that the prior penalties "were not enough to encourage these insurers to be more timely in getting adjusters to these people homes so that these claims can be settled." Senator Murray stated that he felt the increase in penalties available under 22:658 would encourage insurers to timely resolve the claims of insureds.  (Exhibit A to Plaintiffs' motion).  Thus, despite the argument that the statute has a remedial characteristic, it appears that it is substantive in nature - at least from the comments of Senator Murray.

Further strengthening the assertion that this statute is substantive in nature is the multitude of recent cases that have found accordingly.  See, Geraci v. Byrne, 934 So. 2d 263 (La. App. 5 Cir. 2006); Lewis v. State Farm Ins. Co., 946 So. 2d 708 (La. App. 2 Cir. 2006); Weiss v. Allstate Ins. Co., 2007 WL

1017341 (E.D. La. 3/28/07)(Vance J.); Ferguson v. State Farm Ins. Co., 2007 WL 1378507 (E.D. La. 5/9/07); Francis v. Travelers Ins. Co., 581 So. 2d 1036 (La. App. 1 Cir. 1991); Gulf Wide Towing, Inc. v. F.E. Wright (U.K.). Limited, 554 So. 2d 1347 (La. App. 1 Cir. 1989).  This Court sees no reason to depart from these above holdings.  La. R.S. 22:658 is substantive in nature and, thus, should not be applied retroactively.

**Prospective Application of amendment to La. R.S. 22:658:**

The Court's analysis does not end with the above finding. Plaintiffs argue in the last paragraph of their reply brief, that the amendment should be applied prospectively.

In Manuel v. Louisiana Sheriff's Risk Management Fund, 664 So.2d 81, 86 (La. 1995), the Louisiana Supreme Court dealt with whether section 1220 applied to the plaintiff's bad faith claims, when at the time of the accident, section 1220 had not yet been enacted.  In Manuel, the application of the penalty centered around the failure of the insurer to pay funds per a settlement agreement reached by the parties. The actual settlement of the claim with the insurer and the failure of the insurer to pay the funds in accordance with the settlement occurred one year *after* the enactment of Section 1220.  While the event triggering the insurance claim occurred before the enactment, the alleged breach of the insurer's duty of good fath and fair dealing occurred and

6

continued to occur after the enactment of the statute. As such, the Louisiana Supreme Court found that, although the breach occurred after the statute's enactment, retroactivity was not an issue.  Instead, the Court applied the statute prospectively and found that the insurer was subject to the newly enacted penalty provisions.

During oral argument in the instant case, defense counsel admitted that an insurer owes an insured a continuing duty of good fath and fair dealing.  While it seems that Defendant's alleged misconduct (alleged failure to promptly pay Plaintiffs' claims) may have begun before the amendment to 22:658, Plaintiffs allege that Defendant's misconduct continued after the effective date of the amendment on August 15, 2006.  In fact, Defendant did not pay anything to Plaintiffs until January 5, 2007. Consequently, the Court concludes that Defendant's post-amendment misconduct coupled with Defendant's continuing duty to fairly and promptly adjust claims may suggest a finding that, as a matter of law, Defendant is subject to the 2006 amendment to Section 658. Thus, Plaintiff's potential recovery of penalties under La. R.S. 22:658 should be 50 percent of the amount found to be due, if any, under the homeowners policy. Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Partial Summary**

**Judgment Against Fireman's Fund Insurance Company (Rec. Doc. 7)**

should be and hereby is **GRANTED IN PART and DENIED IN PART**.

New Orleans, Louisiana, this 17th day of July, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE